# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

JAMIE LEE COLE,

             Petitioner,

vs.

JAMES MCKINNEY,

             Respondent.

No. C17-2012-LRR

ORDER

This matter is before the court on the petitioner's application for a writ of habeas corpus (docket no. 1) application for appointment of counsel (docket nos. 2 & 7) and application to proceed in forma pauperis (docket no. 5). The petitioner paid the required filing fee. *See* 28 U.S.C. § 1914.

Currently confined at the Iowa Medical and Classification Center in Coralville, Iowa, the petitioner brings this action under 28 U.S.C. § 2254 to challenge the legality of his confinement. *See generally State v. Cole*, 2016 Iowa App. LEXIS 1286 (Iowa Ct. App. Dec. 21, 2016). From the record, it appears that the petitioner submitted a mixed petition because he did not fully and fairly present all of his claims to the highest state court. Stated differently, it appears that the petitioner failed to comply with 28 U.S.C. 2254(b)(1)(A), which requires him to exhaust the remedies that are available in the courts of Iowa. Nonetheless, the clerk's office shall be directed to send a copy of the application for a writ of habeas corpus by certified mail to the respondent and the Iowa Attorney General in accordance with Rule 4, Rules Governing Section 2254 Cases. The respondent shall be directed to file an answer or dispositive motion to the application for a writ of habeas corpus in accordance with Rule 5, Rules Governing Section 2254 Cases, by no later than June 15, 2017.

With respect to the petitioner's application to proceed in forma pauperis, the petitioner already paid the filing fee and it is unlikely that the petitioner will incur additional costs in this action. Accordingly, the application to proceed in forma pauperis shall be denied. Lastly, the court concludes that the assistance of counsel is not warranted at this time. Having reviewed relevant state court decisions, it appears that the petitioner faces significant procedural obstacles and none of the petitioner's claims entitle him to habeas relief, which is an extraordinary remedy, *see Harrington v. Richter*, 562 U.S. 86, 101 (2011). Accordingly, the petitioner's application for appointment of counsel shall be denied. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case).

**IT IS THEREFORE ORDERED:**

1) The clerk's office is directed to send a copy of the application for a writ of habeas corpus by certified mail to the respondent and the Iowa Attorney General in accordance with Rule 4, Rules Governing Section 2254 Cases.

2) The respondent is directed to file an answer or dispositive motion to the application for a writ of habeas corpus in accordance with Rule 5, Rules Governing Section 2254 Cases, by no later than June 15, 2017.

3) The petitioner's application for appointment of counsel (docket nos. 2 & 7) and

application to proceed in forma pauperis (docket no. 5) are denied.

**DATED** this 15th day of May, 2017.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA