**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

JAMIE LEE COLE,

    Petitioner,

vs.

JAMES McKINNEY,

    Respondent.

No. 17-CV-2012-LRR

**ORDER**

**TABLE OF CONTENTS**

*I.*    *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*II.*   *RELEVANT FACTUAL AND PROCEDURAL BACKGROUND* . . . . . . . . 2

*III.*   *STANDARDS OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    *A.*    *Standard of Review under 28 U.S.C. § 2254(d)(1)* . . . . . . . . . . . . . 6
    *B.*    *Standard of Review under 28 U.S.C. § 2254(d)(2)* . . . . . . . . . . . . . 7

*IV.*   *DISCUSSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    *A.*    *Right to Self-Representation* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    *B.*    *Sufficiency of the Evidence* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*V.*    *CERTIFICATE OF APPEALABILITY* . . . . . . . . . . . . . . . . . . . . . . . . 12

*VI.*   *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*I. INTRODUCTION*

The matter before the court is Petitioner Jamie Lee Cole's "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus" ("Petition") (docket no. 1).

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The Iowa Court of Appeals provided a summary of the facts in this matter:

> [Petitioner] was jailed at the Buchanan County jail facility [for a separate conviction]. The correctional officer testified [Petitioner] sat on his bed naked during the night cell check and masturbated in full view of her. She characterized his conduct as "very offensive." The jail administrator acknowledged, "It's not unusual for inmates to masturbate" but testified they were usually "discrete about it" and, in any event, they were always required "to have their pants on." He explained that even [Petitioner] generally stopped masturbating if he saw correctional staff. This time he did not. According to the administrator, [Petitioner] acted "different[ly]" by lying "naked . . . on his bunk knowing that [the correctional officer] was coming up the stairs." He saw her, "look[ed] right at her," and continued to masturbate.

*State v. Cole*, 895 N.W.2d 486 (Table), 2016 WL 7403719, at *2 (Iowa Ct. App. 2016). (sixth and eighth alterations in original).

On May 27, 2015, a Criminal Complaint was filed against Petitioner in the Iowa District Court for Buchanan County, charging Petitioner with indecent exposure enhanced as a secondary predatory offense in violation of Iowa Code section 709.9. The district court appointed an attorney to represent Petitioner. *See id.* at *1. At some point, Petitioner asked that his appointed attorney be removed and filed a motion to represent himself. *Id.* The district court held a hearing on Petitioner's motion to represent himself and the Iowa Court of Appeals summarized the hearing as follows:

> [T]he district court asked [Petitioner] if he wished to "continue to request that [his attorney] be withdrawn as [his] attorney." [Petitioner] responded, "Yes, ma'am." The court then asked, "Let me make sure that I understand: are you wanting a new attorney appointed to represent you, or are you intending to represent yourself?" [Petitioner] responded, "I would have no problem with James Peters out of Independence being appointed." In an effort to clarify, the court stated, "Well, when we do court-appointed counsel, you do not necessarily get to pick your attorney. My question is are you requesting

> the appointment of new counsel?" [Petitioner] initially responded, "No ma'am," but when asked if he "would agree to the appointment of Peters" if the court "were to appoint [him], [Petitioner] responded, "Correct."

*Id*. (third, fourth and eighth alteration in original). The district court appointed Peters to represent Petitioner. *Id*. Prior to trial, Petitioner, again, filed a motion requesting that he be allowed to represent himself. *Id*. The district court held a hearing on the motion and Petitioner told the district court that he wanted withdraw both the motion to remove Peters as his attorney and the motion asking the court to allow him to represent himself. *Id*. at *1-2.

A jury trial was held, and on August 20, 2015, the jury returned a verdict of guilty on the indecent exposure charge. On direct appeal, Petitioner argued that the district court violated his Sixth Amendment right to represent himself and that there was insufficient evidence to support the jury's guilty verdict. *Id*. at *1. The Iowa Court of Appeals rejected both claims. *Id*. at *1-2. The Iowa Supreme Court denied Petitioner's request for further review.

On March 6, 2017, Petitioner filed the Petition in the Southern District of Iowa, and it was transferred to the Northern District of Iowa on March 7, 2017. *See* docket no. 1; Order Transferring Case (docket no. 3). In the Petition, Petitioner raises four claims: (1) prosecutorial misconduct; (2) ineffective assistance of counsel; (3) denial of the right to self-representation; and (4) insufficient evidence to support his conviction. *See* Petition at 3-5. On June 8, 2017, Respondent filed a Motion to Dismiss (docket no. 14). On August 25, 2017, Petitioner filed a "Response to Motion to Dismiss" (docket no. 17), in which he requested that the court withdraw the unexhausted prosecutorial misconduct and ineffective assistance of counsel claims. *See* Response to Motion to Dismiss at 1; *see also* docket no. 18 at 1. On February 27, 2018, the court entered an Order (docket no. 20) granting Petitioner's motion to dismiss the prosecutorial misconduct and ineffective

assistance of counsel claims and allowing Petitioner to proceed with the two remaining claims, which had been properly exhausted. *See* February 27, 2018 Order at 5.

Additionally, on April 27, 2019, Petitioner filed a pro se Motion to Appoint Counsel (docket no. 30). On May 23, 2019, Petitioner filed another po se Motion to Appoint Counsel (docket no. 38). In habeas proceedings, a petitioner has neither a constitutional nor statutory right to counsel. *See McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). The appointment of counsel is at the discretion of the court. *See id*. As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). The court finds that the assistance of counsel is not warranted, and Petitioner's motions to appoint counsel (docket nos. 30 & 38) are denied.

On March 15, 2019, Petitioner filed a pro se Motion to Stay the Petition (docket no. 31). On March 28, 2019, Respondent filed a Resistance (docket no. 32) to the motion to stay. On April 16, 2019, Petitioner filed a pro se Motion to Withdraw Motion to Stay Petition ("Motion to Withdraw") (docket no. 34). Having reviewed Petitioner's Motion to Withdraw, the court finds that the motion should be granted. The Motion to Stay Petition is withdrawn and denied as moot.

Petitioner filed the Petitioner's Brief (docket no. 24) on May 14, 2018. On September 20, 2018, Respondent filed the Respondent's Brief (docket no. 26). The Petition is fully submitted and ready for decision

### III. STANDARDS OF REVIEW

"A state prisoner may seek a writ of habeas corpus in federal court if his [or her] confinement violates the federal Constitution or federal law." *Weaver v. Bowersox*, 241 F.3d 1024, 1029 (8th Cir. 2001) (citing 28 U.S.C. § 2254(a)). "Federal courts are 'bound

4

by the AEDPA[1] to exercise only limited and deferential review of underlying state court decisions' in habeas corpus cases." *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004) (quoting *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004)); s*ee also* 28 U.S.C. § 2254.[2] Federal habeas corpus relief may only be granted if one or both of two conditions is satisfied. *Ryan*, 387 F.3d at 790. These two conditions are set forth in 28 U.S.C. § 2254(d), which provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Thus, "[28 U.S.C. §] 2254(d) distinguishes between two types of erroneous decisions  those of law and those of fact  and treats each in separate subparagraphs." *Weaver*, 241 F.3d at 1029. Claims of legal error are governed by the first subparagraph, and claims of factual error fall within the second subparagraph. *Id*. at 1029-30.

---

[1] AEDPA is an acronym for the Antiterrorism and Effective Death Penalty Act.

[2] AEDPA amended the federal habeas corpus statute, 28 U.S.C. § 2254, in 1996. *See Williams v. Taylor*, 529 U.S. 362, 399 (2000). The amendment "placed a new restriction on the power of federal courts to grant writs of habeas corpus to state prisoners." *Id*.; *see also Bell v. Cone*, 535 U.S. 685, 693 (2002) ("The [AEDPA] of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law.").

### A. *Standard of Review under 28 U.S.C. § 2254(d)(1)*

"A federal court may grant a state habeas petitioner relief for a claim that was adjudicated on the merits in state court only if that adjudication 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting 28 U.S.C. § 2254(d)(1)); *accord Jeremiah v. Kemna*, 370 F.3d 806, 809 (8th Cir. 2004). The Supreme Court's opinion in *Williams v. Taylor*, 529 U.S. 362 (2000), explains the meaning of those statutory concepts and the degree of deference that must be afforded to state court determinations on the merits. *See Bucklew v. Luebbers*, 436 F.3d 1010, 1015-16 (8th Cir. 2006); *Siers v. Weber*, 259 F.3d 969, 972-73 (8th Cir. 2001).

*Williams* explains that a state court decision can be "contrary to" Supreme Court precedent in one of two ways: (1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or (2) "if the state court confronts [a set of] facts that are materially indistinguishable from a [decision of the Supreme Court] and [nevertheless] arrives at a result [different from that precedent]." 529 U.S. at 405-06; *see also Bucklew*, 436 F.3d at 1016 (discussing the "contrary to" prong in *Williams*). Further, "the [statutory] phrase 'clearly established Federal law, as determined by the Supreme Court of the United States' . . . refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412.

An "unreasonable application" of Supreme Court precedent can also arise in one of two ways. The Supreme Court explained:

> First, a state-court decision involves an unreasonable application of [the Supreme Court's] precedent if the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the

6

Supreme Court's] precedent if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id*. at 407 (citation omitted). Thus, where a state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case," that decision "certainly would qualify as a decision involving an unreasonable application of . . . clearly established federal law." *Id*. at 407-08 (quotation omitted); *see also Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (discussing the "unreasonable application" prong of *Williams*); *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (same); *Bucklew*, 436 F.3d at 1016 (same). Additionally,

[u]nder [28 U.S.C.] § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas [corpus] court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be *unreasonable*.

*Williams*, 529 U.S. at 411 (emphasis added).

Applying these standards to the present case, the court's inquiry must be whether the Iowa courts reached a decision contrary to that reached by the Supreme Court on a question of law, or alternatively, whether the Iowa courts correctly identified the applicable principles of federal law and then unreasonably applied that law to the facts of Petitioner's claims. *See, e.g., Rousan v. Roper*, 436 F.3d 951, 955-56 (8th Cir. 2006) (discussing the applicable standards); *Bucklew*, 436 F.3d at 1016 (same); *Siers*, 259 F.3d at 973 (same).

### B. *Standard of Review under 28 U.S.C. § 2254(d)(2)*

Federal habeas corpus relief "may be granted on a claim adjudicated in state court if the state court proceeding 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"

7

*Beck v. Bowersox*, 257 F.3d 900, 901 (8th Cir. 2001) (quoting 28 U.S.C. § 2254(d)(2)). The state court findings of fact are presumed to be correct. *Id*. (citing 28 U.S.C. § 2254(e)(1)).[3] The burden is on the applicant to rebut the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Accordingly, the court's review presumes that the Iowa courts found the facts correctly unless Petitioner rebuts that presumption with clear and convincing evidence. *See id*.; *see also Middleton v. Roper*, 455 F.3d 838, 845 (8th Cir. 2006) ("[The court] bestow[s] a presumption of correctness on the factual findings of the state courts, and absent procedural error, [the court] may set such findings aside only if they are not fairly supported by the record"); *Weaver*, 241 F.3d at 1030 (providing that, "on habeas review, we accord state trial courts broad latitude in determining questions of fact by virtue of the statutory presumption in favor of state court fact-findings"). "It bears repeating that even erroneous fact-finding by the [state] courts will not justify granting a writ if those courts erred 'reasonably.'" *Id.*, 241 F.3d at 1030.

## IV. DISCUSSION

In the instant action, Petitioner raises two claims: (1) the Iowa courts violated his Sixth Amendment right to self-representation; and (2) there was insufficient evidence to return a guilty verdict on the indecent exposure charge.

### A. Right to Self-Representation

In the Petition, Petitioner claims that his right to self-representation was violated and he was "denied [five] times to represent [himself and] forced counsel didn't object or help any other way." Petition at 4. In Petitioner's Brief, Petitioner asserts that he

---

[3] 28 U.S.C. § 2254(e)(1) provides:
> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

8

believed a court could "require you to submit to the court's own appointed counsel." Petitioner's Brief at 1. Further, Petitioner states that he "only went along with it after that because the court illegally let [him] believe it was legal to deny [him his] right to represent [him]self, and or present [his] own defense." *Id*.

"Under the Sixth Amendment, the accused is guaranteed the right of electing to represent himself." *Williams v. Bartlett*, 44 F.3d 95, 99 (2d Cir. 1994) (citing *Faretta v. California*, 422 U.S. 806 (1975)). "A criminal defendant may proceed pro se if he knowingly, voluntarily, and unequivocally waives his right to appointed counsel." *Williams*, 44 F.3d at 99 (quotation omitted). The right to self-representation does not attach until it is asserted 'clearly and unequivocally.'" *Id*. at 100 (quoting *Faretta*, 422 U.S. at 835). "Once asserted, however, the right to self-representation may be waived through conduct indicating that one is vacillating on the issue or has abandoned one's request altogether." *Williams*, 44 F.3d at 100; *see also Brown v. Wainwright*, 665 F.2d 607, 611 (5th Cir. 1982) (finding that a defendant waived his right to self-representation where the defendant retained appointed counsel after a hearing on the defendant's pro se motion to remove counsel, where Defendant told the court that he and appointed counsel had worked out their differences and where Defendant did not renew his request to represent himself).

Here, Petitioner abandoned his requests to self-representation. In the first hearing on Petitioner's first pro se motion to remove counsel, Petitioner told the state district court that he wanted his appointed counsel removed, but requested that James Peters be appointed as new counsel to represent him. Following the hearing, Petitioner's initial counsel was ordered to withdraw and Peters was appointed to represent Petitioner. At the second hearing on Petitioner's second pro se motion to remove counsel, this time to remove Peters as counsel, Petitioner told the court that he was withdrawing his pro se motion to remove Peters because he and Peters had talked. Petitioner also withdrew his pro se motion to represent himself. There is no evidence in the record that Petitioner

attempted to renew his request to represent himself. Based on the foregoing, the court finds that the Iowa Court of Appeals's determination that Petitioner "abandoned his request to represent himself," *see Cole*, 2016 WL 7403719, at *2, is supported by the record and did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Accordingly, Petitioner is not entitled to relief on this issue.

### B. *Sufficiency of the Evidence*

In the Petition, Petitioner claims that there is "insufficient evidence to support conviction." Petition at 5. Neither in the Petition nor in Petitioner's Brief does Petitioner offer an argument in support of his claim that the evidence was insufficient to support his conviction.

A sufficiency of the evidence claim is a claim of factual error. Therefore, the applicable standard that applies is 28 U.S.C. § 2254(d)(2): whether the Iowa Courts' decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The state court findings of fact are presumed to be correct. *Beck*, 257 F.3d at 901 (citing 28 U.S.C. § 2254(e)(1)). The burden is on the petitioner to rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Iowa Code section 709.9, Iowa's indecent exposure statute, provides that:

> A person who exposes the person's genitals or pubes to another not the person's spouse, or who commits a sex act in the presence of or view of a third person, commits a serious misdemeanor, if:

> 1. The person does so to arouse or satisfy the sexual desires of either party; and
>
> 2. The person knows or reasonably should know that the act is offensive to the viewer.

*Id*. At the trial, the jury was instructed that the State would have to prove the following elements of indecent exposure:

> 1. On or about the 21 st day of May, 2015, the defendant exposed his genitals or pubes to [a correctional officer] who was not then the defendant's spouse.
>
> 2. The defendant did so with the specific intent to arouse or satisfy the sexual desire of the defendant or [the correctional officer].
>
> 3. [The correctional officer] was offended by the defendant's conduct.
>
> 4. The defendant knew or reasonably should have know that the act was offensive to [the correctional officer].

*Cole*, 2016 WL 7403719, at *2 (alterations in original).

In the Petitioner's Brief, Petitioner makes no argument to rebut the presumption that the state court's findings of fact are correct. *See generally* Petitioner's Brief. On appeal before the Iowa Court of Appeals, Petitioner only contested the third and fourth elements of the indecent exposure charge. *See Cole*, 2016 WL 7403719, at *2. The Iowa Court of Appeals determined that "[t]he jury reasonably could have found both elements satisfied based on the testimony of a correctional officer and jail administrator." *Id*. Specifically, the Iowa Court of Appeals relied on the following testimony: (1) the correctional officer testified that Petitioner "sat on his bed naked during the night cell check and masturbated in full view of her"; (2) the correctional officer testified that she found Petitioner's conduct "very offensive"; (3) the jail administrator testified that Petitioner's conduct was not discrete like Petitioner's prior conduct or the conduct of other inmates; (4) the jail administrator testified that inmates were required to wear pants at all times; (5) the jail

administrator testified that, in the past, Petitioner would normally stop masturbating if he saw correctional staff; and (6) the jail administrator testified that Petitioner acted differently than normal "by lying 'naked . . . on his bunk knowing that [the correctional officer] was coming up the stairs.' [Petitioner] saw [the correctional officer], 'look[ed] at her,' and continued to masturbate." *Id*. (first and third alteration in original). The Iowa Court of Appeals concluded that the foregoing testimony "amounts to substantial evidence in support of the third and fourth elements." *Id*.

Applying the deferential standard of review set forth in 28 U.S.C. § 2254(d)(2), the court finds that the Iowa Court of Appeals's decision that the evidence was sufficient to support the jury's guilty verdict and Petitioner's conviction was not an unreasonable determination of the facts. Accordingly, Petitioner is not entitled to relief on this issue.

## V. CERTIFICATE OF APPEALABILITY

In a habeas proceeding before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may only issue if an applicant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. at 335-36 (2003); *Williams v. United States*, 452 F.3d 1009, 1014 (8th Cir. 2006); *Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000). In order to make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Cox*, 133 F.3d at 569; s*ee also*

*Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (reiterating standard); *Miller-El*, 537 U.S. at 335-36 (same).

Courts reject constitutional claims either on the merits or on procedural grounds. "[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [applicant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the Court finds that Petitioner failed to make the requisite "substantial showing" with respect to the claims he raised in his Petition pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Accordingly, the court declines to grant a certificate of appealability. If Petitioner desires further review of his 28 U.S.C. § 2254 petition, he may request issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

### VI. CONCLUSION

In light of the foregoing, it is hereby **ORDERED**:

(1) The Petition pursuant to 28 U.S.C. § 2254 (docket no. 1) is **DENIED**;

(2) A certificate of appealability shall **NOT ISSUE**;

(3) Petitioner's Motion to Withdraw Motion to Stay (docket no. 34) is **GRANTED**;

(4) Petitioner's Motion to Stay (docket no. 31) is **DENIED** as moot;

(5) Petitioner's Motions to Appoint Counsel (docket nos. 30 & 38) are **DENIED**.

**IT IS SO ORDERED**.

**DATED** this 4th day of September, 2019.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA